# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SHAHEED MUHAMMAD,            )
                            )
     Plaintiff,             )
                            )        CIVIL ACTION NO.
     v.                     )         2:05cv1046-T
                            )
ELI LILLY AND COMPANY and   )
YOLANDA BROWN, Sales        )
Representative,             )
                            )
     Defendants.            )

### ORDER

It is ORDERED that the motion to stay (Doc. No. 6) is
granted and that this cause is stayed pending MDL
transfer.

DONE, this the 22nd day of November, 2005.


            /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SANQUIRNETTA McCRAY-MARTIN, )
                            )
    Plaintiff,              )
                            )          CIVIL ACTION NO.
    v.                      )          2:05cv1048-T
                            )
ELI LILLY AND COMPANY and   )
YOLANDA BROWN, Sales        )
Representative,             )
                            )
    Defendants.             )

### ORDER

It is ORDERED that the motion to stay (Doc. No. 1) is granted and that this cause is stayed pending MDL transfer.

DONE, this the 22nd day of November, 2005.


            /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

# EXHIBIT C

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SHAHEED MUHAMMAD,                )
                                 )
        Plaintiff,               )
                                 )        CIVIL ACTION NO.
        v.                       )        2:05cv1046-MHT
                                 )
ELI LILLY AND COMPANY and        )
YOLANDA BROWN, Sales             )
Representative,                  )
                                 )
        Defendants.              )

### ORDER

It is ORDERED that the motion to reconsider (Doc. No. 12) is denied.

DONE, this the 24th day of March, 2006.


                    /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE

# EXHIBIT D

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| SANQUIRNETTA McCRAY-MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:05cv1048-MHT |
| | ) | |
| ELI LILLY AND COMPANY and | ) | |
| YOLANDA BROWN, Sales | ) | |
| Representative, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

It is ORDERED that the motion to reconsider (Doc. No. 14) is denied.

DONE, this the 24th day of March, 2006.


_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

**MAGDALENE WRIGHT,**

       **Plaintiff,**

**vs.**                               **CIVIL ACTION NO 2:06-0193-KD-C**

**ELI LILLY AND COMPANY, et al.,**

       **Defendants.**

### ORDER

This matter is before the Court on defendant Eli Lilly and Company's ("Lilly") motion to stay all proceedings in this action (Doc. 6), brief in support (Doc. 7) and supplemental authority filed in support (Docs. 10, 11, 12). Lilly moves to stay on the grounds that this case has been reported to the Judicial Panel on Multidistrict Litigation as a tag-along action in MDL-1596-In re Zyprexa Products Liability Litigation. (Doc.7). Lilly anticipates transfer of this case to the Eastern District of New York for discovery and consolidated pretrial proceedings before the Honorable Jack B. Weinstein. [1] Lilly's motion to stay is unopposed. [2]

Because this action has been reported as a tag-along action, it is "subject to potential transfer to another court under 28 U.S.C. § 1407 pursuant to a motion pending before the Judicial Panel on Multidistrict Litigation or a conditional transfer order entered by that panel" and thus is excluded from the requirements of Rule 26 at this time. See Local Rule 26.1(d)(1)(D). Accordingly, Lilly's motion to stay is **GRANTED** and the parties are not required to participate in a parties' planning meeting or prepare a report until further notice.

---

[1] The undersigned is in receipt of a courtesy copy of the conditional transfer filed on April 25, 2006.

[2] On April 4, 2006 the undersigned entered an order directing that any response to Lilly's motion to stay be filed on or before April 14, 2006. (Doc. 9) No responses were filed.

**DONE** and **ORDERED** this the 2nd day of May 2006.

/s/ Kristi K. DuBose
**KRISTI  K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT F

CM/ECF - U.S. District Court Northern District of Alabama - Docket Report          Page 1 of 4

STAY

# U.S. District Court
## Northern District of Alabama (Western)
## CIVIL DOCKET FOR CASE #: 7:06-cv-00636-LSC

Anderson v. Eli Lilly and Company et al          Date Filed: 03/30/2006
Assigned to: Judge L Scott Coogler          Jury Demand: Both
Case in other court: Circuit Court of Bibb County, Alabama,   Nature of Suit: 365 Personal Inj. Prod.
 CV 06-00029          Liability
Cause: 28:1441 Petition for Removal- Product Liability          Jurisdiction: Diversity

**Plaintiff**

**Donna K Anderson**                represented by   **Timothy C Davis**
                                                     HENINGER GARRISON DAVIS LLC
                                                     2224 First Avenue North
                                                     PO Box 11310
                                                     Birmingham, AL 35202
                                                     205-326-3336
                                                     Fax: 205-326-3332
                                                     Email: ldaniel@hgdlawfirm.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **W Lewis Garrison, Jr**
                                                     HENINGER GARRISON & DAVIS
                                                     LLC
                                                     2224 First Avenue North
                                                     Birmingham, AL 35203
                                                     205-326-3336
                                                     Fax: 205-326-3332
                                                     Email: wlgarrison@hgdlawfirm.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **William L Bross, IV**
                                                     HENINGER GARRISON & DAVIS
                                                     LLC
                                                     2224 First Avenue North
                                                     PO Box 11310
                                                     Birmingham, AL 35202
                                                     205-326-3336
                                                     Fax: 205-326-3332
                                                     Email: wlbross@gsattys.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Eli Lilly and Company**    represented by   **Alan Daniel Mathis**
JOHNSTON BARTON PROCTOR &
POWELL LLP
AmSouth Harbert Plaza, Suite 2900
1901 6th Avenue North
Birmingham, AL 35203-2618
458-9400
Email: adm@jbpp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James C Barton, Jr**
JOHNSTON BARTON PROCTOR &
POWELL LLP
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618
205-458-9441
Fax: 205-458-9500
Email: jbartonjr@jbpp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Derrick Oden**    represented by   **Alan Daniel Mathis**
JOHNSTON BARTON PROCTOR &
POWELL LLP
1901 6th Avenue North
Birmingham, AL 35203-2618
458-9400
Email: adm@jbpp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James C Barton, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Valerie Wright**    represented by   **Alan Daniel Mathis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James C Barton, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2006 | 1 | NOTICE OF REMOVAL by Eli Lilly and Company, from Circuit Court of Bibb County, Alabama, case number CV 2006-29. ( Filing fee $ 250 ) filed by Eli Lilly and Company.(AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 2 | ANSWER to Complaint with Jury Demand by Valerie Wright.(AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 3 | ANSWER to Complaint with Jury Demand by Derrick Oden.(AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 4 | ANSWER to Complaint with Jury Demand by Eli Lilly and Company. (AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 5 | NOTICE of Corporate Disclosure by Eli Lilly and Company (AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 6 | MOTION to Stay all proceedings pending transfer decision by the Judicial Panel on MDL by Eli Lilly and Company. (AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 7 | Brief 6 in Support of MOTION to Stay filed by Eli Lilly and Company. (AHI, ) (Entered: 03/31/2006) |
| 04/03/2006 | 8 | UNIFORM INITIAL ORDER - with appendices attached. Signed by Judge L Scott Coogler on 4/3/2006. (ADF, ) (Entered: 04/03/2006) |
| 04/05/2006 | 9 | NOTICE by Eli Lilly and Company re 6 MOTION to Stay *attaching Supplemental Authority* (Attachments: # 1 Exhibit A)(Mathis, Alan) (Entered: 04/05/2006) |
| 04/05/2006 | 10 | NOTICE by Eli Lilly and Company re 6 MOTION to Stay *attaching Additional Supplemental Authority* (Attachments: # 1 Exhibit A)(Mathis, Alan) (Entered: 04/05/2006) |
| 04/05/2006 | 11 | NOTICE by Eli Lilly and Company re 6 MOTION to Stay *attaching Additional Supplemental Authority* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Mathis, Alan) (Entered: 04/05/2006) |
| 04/06/2006 | 12 | ORDER re 6 MOTION to Stay filed by Eli Lilly and Company. Plaintiff has 5 days to appear in writing and show cause why Defendant's motion should not be granted. Signed by Judge L Scott Coogler on 4-6-06. (AES) (Entered: 04/06/2006) |
| 04/13/2006 | 13 | RESPONSE in Opposition re 6 MOTION to Stay filed by Donna K Anderson. (Attachments: # 1 # 2 # 3 # 4 # 5)(Garrison, W) (Entered: 04/13/2006) |
| 04/19/2006 | 14 | REPLY to Response to Motion re 6 MOTION to Stay filed by Eli Lilly and Company. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 |

CM/ECF - U.S. District Court Northern District of Alabama - Docket Report    Page 4 of 4

| | | |
|---|---|---|
| | | Exhibit N)(Mathis, Alan) (Entered: 04/19/2006) |
| 04/27/2006 | | ORDER granting 6 Motion to Stay case pending transfer to MDL. Signed by Judge L Scott Coogler on 4/27/2006. (BST, ) (Entered: 04/27/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/19/2006 10:08:57 | | | |
| PACER Login: | jb0116 | Client Code: | 2046-47 |
| Description: | Docket Report | Search Criteria: | 7:06-cv-00636-LSC |
| Billable Pages: | 2 | Cost: | 0.16 |

# EXHIBIT G

FILED
2006 Apr-05 AM 08:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| VANESSA BROWNLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:06-cv-00634-JEO |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The court has for consideration defendant's "Motion for a Stay of All Proceedings

Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation" (doc. 6), the

"Plaintiff's Emergency Motion for Protective Order" (doc. 8), and the "Plaintiff's Emergency

Motion to Remand and for Expedited Hearing" (doc. 13).  Upon due consideration, the court

finds that the motion to stay is due to be granted, the motion for a protective order is due to be

denied, and the motion to remand is stayed.

The plaintiff alleges various state law claims against Defendant Eli Lilly and Company

("Lilly") and two of its sales persons concerning the safety of Zyprexa, which is manufactured by

Lilly, and representations purportedly made by sales persons associated with Lilly.  Lilly's

motion for a stay asserts that this case "involves the same factual inquiries that the [MDL] Panel

noted were present in Zyprexa® cases generally, which warranted coordinated or consolidated

pre-trial proceedings in the Eastern District of New York." (Doc. 7 at p. 4).  The motion is

opposed by the plaintiff.  She asserts that "[t]he issue of federal subject matter jurisdiction should

be resolved now.  Cases without federal subject matter jurisdiction, such as this one, do not

belong in federal court and should not transferred to any MDL." (Doc. 9 at pp. 1-2).

It is well-settled that

> [a] district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55, 57 S. Ct. at 166.

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See American Seafood v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1-2 (E.D. Penn. 1992)." *Rivers*, 980 F. Supp. at 1360.

Reviewing the present circumstances and the briefs already submitted, the court is convinced that a stay of this matter is appropriate. First, the court does not see any prejudice to the plaintiff in the granting of the stay. This court's experience with MDL cases is that the Panel expeditiously resolves transfer issues; therefore, the court finds no prejudice to the plaintiff. Second, due to the apparent commonality of factual and legal issues, such as the present jurisdictional question, it makes sense for the parties to address this issue before the MDL judge rather than before the various judges in the individual cases.[1] Third, judicial resources of this court will be saved if the instant action is stayed to allow the MDL judge to address any common

_____

[1] After examining the plaintiff's "Emergency Motion to Remand" (doc. 13), the court is convinced of the propriety of staying this matter rather than individually addressing this case.

remand issues. Because the transferee judge will have more experience with the factual and legal issues in this litigation, the granting of a stay herein promotes the conservation of judicial resources. The MDL Panel ordered the transfer of apparently related cases almost two years ago. Since this case was recently filed, any actions of this court may result in the unnecessary duplication of efforts.[2]

Accordingly, it is hereby **ORDERED** that the motion for a stay (doc. 6) is **GRANTED** until the MDL Panel decides whether to transfer this case to the consolidated proceedings. The plaintiff's emergency motion for a protective order (doc. 8) is **DENIED**. Consideration of the motion to remand (doc. 13) is **STAYED**.

**DONE,** this the 4th day of April, 2006.

*John E. Ott*

_____
**JOHN E. OTT**
United States Magistrate Judge

---

[2]The court does not rely on Judge Sharon L. Blackburn's grant of a stay in *Wesley v. Lilly*, 7:06-cv-0569-SLB, in that the motion in that case was unopposed. However, the court does note that the complaint in that case included a similar fraud and misrepresentation claim.

3

# EXHIBIT H

FILED

2006 Apr-05  PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PAMELA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  CV-06-S-576-NE |
| | ) | |
| ELI LILLY AND COMPANY; | ) | |
| MARY V. GREEN; | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action was originally filed in the Circuit Court of Morgan County, Alabama, but removed to this court pursuant to 28 U.S.C. §§ 1441 and 1446. The action now is before the court on the following motions:  defendant Eli Lilly and Company's motion to stay all pretrial activity in this case pending a final decision on its transfer to a Multidistrict Litigation proceeding that has been established in the United States District Court for the Eastern District of New York (doc. no. 4); plaintiff's motion to remand the action and motion for an expedited hearing on the issue (doc. no. 12); and plaintiff's motion for a protective order, which will allow plaintiff to attach exhibits to the motion to remand (doc. no. 7).  Upon consideration of the motions, and the briefs in support and in opposition thereto, the motion to stay is GRANTED, consideration of the motion to remand is STAYED, and the motion

for a protective order is DENIED.

DONE this 5th day of April, 2006.

_____
United States District Judge

# EXHIBIT I

FILED
2006 Apr-05 PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| NATHAN HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  CV-06-S-535-NW |
| | ) | |
| ELI LILLY AND COMPANY; | ) | |
| RICHARD LEVENTRY; | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This action was originally filed in the Circuit Court of Franklin County, Alabama, but removed to this court pursuant to 28 U.S.C. §§ 1441 and 1446. The action now is before the court on defendant Eli Lilly and Company's motion to stay all pretrial activity in this case pending a final decision on its transfer to a Multidistrict Litigation proceeding that has been established in the United States District Court for the Eastern District of New York (doc. no. 3). The motion to stay is GRANTED.

DONE this 5th day of April, 2006.

United States District Judge

# EXHIBIT J

STAY

# U.S. District Court
## Northern District of Alabama (Southern)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00569-SLB

Wesley v. Eli Lilly and Company et al
Assigned to: Judge Sharon Lovelace Blackburn
Cause: 28:1446pl Petition for Removal - Product Liability

Date Filed: 03/23/2006
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Crystal Wesley**                represented by **Timothy C Davis**
HENINGER GARRISON DAVIS LLC
2224 First Avenue North
PO Box 11310
Birmingham, AL 35202
205-326-3336
Fax: 205-326-3332
Email: ldaniel@hgdlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W Lewis Garrison, Jr**
HENINGER GARRISON & DAVIS LLC
2224 First Avenue North
Birmingham, AL 35203
205-326-3336
Fax: 205-326-3332
Email: wlgarrison@hgdlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William L Bross, IV**
HENINGER GARRISON & DAVIS LLC
2224 First Avenue North
PO Box 11310
Birmingham, AL 35202
205-326-3336
Fax: 205-326-3332
Email: wlbross@gsattys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

CM/ECF - U.S. District Court Northern District of Alabama - Docket Report                 Page 2 of 3

**Defendant**

**Eli Lilly and Company**                                 represented by  **Alan Daniel Mathis**
                                                          JOHNSTON BARTON PROCTOR &
                                                          POWELL LLP
                                                          AmSouth Harbert Plaza, Suite 2900
                                                          1901 6th Avenue North
                                                          Birmingham, AL 35203-2618
                                                          458-9400
                                                          Email: adm@jbpp.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **James C Barton, Jr**
                                                          JOHNSTON BARTON PROCTOR &
                                                          POWELL LLP
                                                          AmSouth Harbert Plaza, Suite 2900
                                                          1901 6th Avenue North
                                                          Birmingham, AL 35203-2618
                                                          458-9400
                                                          Email: jbartonjr@jbpp.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Mary V. Green**                                         represented by  **Alan Daniel Mathis**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **James C Barton, Jr**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2006 | 1 | NOTICE OF REMOVAL by Eli Lilly and Company from the Jeffeson County Circuit Court, case number CV-06-1197. ( Filing fee $ 250.00, receipt # 200 224545 ) with copy of summons and complaint attached (KSS, ) (Entered: 03/23/2006) |
| 03/23/2006 | 2 | ANSWER to Complaint (Notice of Removal) with jury demand by Eli Lilly and Company. (KSS, ) (Entered: 03/23/2006) |
| 03/23/2006 | 3 | ANSWER to Complaint (Notice of Removal) with jury demand by Mary V. Green. (KSS, ) (Entered: 03/23/2006) |
| 03/23/2006 | 4 | MOTION to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation by Eli Lilly and Company. (KSS, ) (Entered: 03/23/2006) |

CM/ECF - U.S. District Court Northern District of Alabama - Docket Report    Page 3 of 3

| 03/23/2006 | 5 | Brief Memorandum in support of 4 MOTION to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation filed by Eli Lilly and Company. (KSS, ) (Entered: 03/23/2006) |
| 03/23/2006 | 6 | NOTICE of Corporate Disclosure by Eli Lilly and Company. (KSS, ) (Entered: 03/23/2006) |
| 03/27/2006 | | ORDER granting 4 Motion to Stay. Signed by Judge Sharon Lovelace Blackburn on 03/27/2006. (SDB, ) (Entered: 03/27/2006) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/29/2006 15:43:31 | | |
| PACER Login: jb0116 | Client Code: | 2046-27 |
| Description: | Docket Report | Search Criteria: | 2:06-cv-00569-SLB |
| Billable Pages: 1 | Cost: | 0.08 |

# EXHIBIT K

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


DANDALL McTIER, JR.,              )
                                  )
     Plaintiff,                   )
                                  )        CIVIL ACTION NO.
     v.                           )          2:05cv607-T
                                  )
ELI LILLY AND COMPANY,            )
et al.,                           )
                                  )
     Defendants.                  )

                         ORDER

     It is ORDERED that the joint motion for stay (Doc.

No. 10) is granted and this cause is stayed pending MDL

transfer.

     DONE, this the 9th day of August, 2005.


                    ___/s/ Myron H. Thompson____
                    UNITED STATES DISTRICT JUDGE

# EXHIBIT L

**MDL 1596**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 4 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1596*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of the six actions listed on the attached Schedule A and pending, respectively, in the Central District of California, the Eastern District of Kentucky, the Western District of Louisiana, the Middle District of North Carolina, the Northern District of Ohio, and the Eastern District of Tennessee.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant Eli Lilly and Company (Lilly) for coordinated or consolidated proceedings of these actions under Section 1407 in the Southern District of Indiana or, in the alternative, the Northern District of Ohio. At oral argument, Lilly also suggested transfer to the Southern District of New York or the Eastern District of Pennsylvania. One individual defendant in the Eastern District of Tennessee action does not object to the motion. Plaintiffs in the potential tag-along actions in the Eastern District of New York and the Southern District of New York support transfer under Section 1407, but suggest the Eastern District of New York as transferee district. Plaintiffs in three actions and a physician defendant in the Eastern District of Tennessee action initially opposed the motion;[2] at oral argument, however, these parties supported the motion for transfer, but objected to the Southern District of Indiana as

---

[*]   Judge Selya took no part in the decision of this matter.

[1]   In addition to the six actions before the Panel, the parties have identified two related actions pending in the Eastern District of New York and six related actions pending, respectively, in the Middle District of Alabama, the Eastern District of Arkansas, the Southern District of Iowa, the Southern District of Mississippi, the Southern District of New York, and the Eastern District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). Defendant's motion also included a second action in the Eastern District of Kentucky, which was dismissed with prejudice by stipulation of the parties in January 2004, and an action in the Eastern District of Virginia, which was remanded to state court in March 2004. Accordingly the question of transfer under Section 1407 of those two actions is now moot.

[2]   Plaintiffs in the Eastern District of Kentucky, Middle District of North Carolina, and Northern District of Ohio actions initially opposed the motion.

OFFICIAL FILE COPY

IMAGED APR 15 '04

- 2 -

transferee district, with the plaintiffs in this group now supporting the Eastern District of New York as transferee district. Plaintiff in the Western District of Louisiana action and over twenty defendants in the Eastern District of Tennessee action oppose transfer of the actions in which they are parties.[1]

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiff in the Western District of Louisiana action argues against transfer of her action that her claims arise from the interaction between Zyprexa and another prescription medicine, and thus are different from the claims in other actions relating only to Zyprexa. This plaintiff also emphasizes that her decedent suffered respiratory failure, not the diabetes or related injuries complained of in other actions. We find these contentions unpersuasive. We observe that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of an additional defendant or product significant when the underlying action still contains, as here, products liability claims and factual allegations focusing on the safety of Zyprexa.

The defendants opposing transfer of the Eastern District of Tennessee action argue that the claims against them in that action do not involve common questions of fact with the claims against Lilly in this or any other action. Specifically, these defendants argue that the assertions confronted by them, for alleged violations of constitutional rights among other things, do not share sufficient factual questions with the products liability claims against Lilly to warrant transfer. These defendants also emphasize that the claims against them have been pending for over three years, longer than the claims against Lilly have been pending in any action. In the event the Panel orders transfer of the Eastern District of Tennessee action, these defendants ask the Panel to separate and simultaneously remand the claims asserted against them in the action, thereby effectively denying transfer of those claims.

For these parties opposing transfer on the basis of insufficient common questions, distinctions among the actions may be such that certain actions or claims therein can be ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge. But we are unwilling, on the basis of the record before us, to make a determination at this time that the degree of interconnection between these claims and the claims against Lilly in the affected actions is so small as to warrant exclusion of the claims from Section 1407 proceedings from the outset. We point out that whenever the transferee judge deems remand of any claims or actions appropriate,

---

[1]     Opposing defendants are Roane County, Tennessee; Ken Yager; David Haggard; Fay Hall; Linda Mayes; John Mayes; Kelly Jackson; Cathy Goss; Thomas Pio; Sandra Miller; Stacee French; Lynda Carter; Stephen Halcomb; Deborah R. Gibson; Officer Rymer; Officer Rittenhouse; Officer Melton; Officer Belcher; Ambulance Service of Roane County; Gloria Wright; Howie Rose; and D. Tipton.

- 3 -

procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. In the meantime, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions. Discovery with respect to any case-specific issues can proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Defendants in the Eastern District of Tennessee action also suggest that a decision in their favor on pending motions for summary judgment may obviate the need for transfer of the action. We note, however, that such motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990).

Given the geographic dispersal of current and anticipated constituent actions, no district stands out as the focal point for this wide-ranging litigation. In concluding that the Eastern District of New York is an appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1596 -- In re Zyprexa Products Liability Litigation</u>

### Central District of California

*Janetta Thompson, et al. v. County of Los Angeles, et al.*, C.A. No. 2:03-7641

### Eastern District of Kentucky

*Carl Cooper, et al. v. Eli Lilly & Co., et al.*, C.A. No. 6:03-422

### Western District of Louisiana

*Charlene H. Folse, etc. v. Eli Lilly & Co., et al.*, C.A. No. 6:03-1888

### Middle District of North Carolina

*Barry McClamrock v. Eli Lilly & Co.*, C.A. No. 1:03-929

### Northern District of Ohio

*Barbara Wilson v. Eli Lilly & Co.*, C.A. No. 3:03-7202

### Eastern District of Tennessee

*Carolyn Phillips, etc. v. Roane County TN, et al.*, C.A. No. 3:00-692

# EXHIBIT M

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    CLAUDIA STEMPIEN, et al.,

6                    Plaintiffs,                    NO. C06-1811 TEH

7         v.                                        ORDER GRANTING
                                                    DEFENDANT'S MOTION TO
8    ELI LILLY AND COMPANY and                      STAY AND VACATING
     MCKESSON CORPORATION,                          PLAINTIFFS' MOTION TO
9                                                   REMAND
                    Defendants.
10

11

12        This matter comes before the Court on (1) Defendant Eli Lilly and Company's motion

13   to stay proceedings pending a decision on transfer by the Judicial Panel on Multidistrict

14   Litigation ("JPML") and (2) Plaintiffs' motion to remand.  The Court heard oral argument on

15   Defendant's motion on Monday, May 1, 2006.  Plaintiffs' motion has not been fully briefed,

16   and oral argument on Plaintiffs' motion is not scheduled until June 12, 2006.

17        This case was conditionally transferred to Multidistrict Litigation ("MDL") No. 1596,

18   *In re Zyprexa Products Liability Litigation*, on April 14, 2006.  Plaintiffs informed the Court

19   that they intend to oppose the conditional transfer order in this case, and the JPML will

20   therefore allow briefing on the transfer issue before deciding whether transfer is appropriate.

21   This Court retains jurisdiction over this matter until any transfer ruling becomes effective.

22        After carefully considering the parties' written and oral arguments on Defendant's

23   motion, the Court finds a stay of proceedings to be appropriate in this case.  The Court has

24   the inherent power to control its own docket, including the power to stay proceedings in the

25   interests of judicial economy.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  While a

26   conditional transfer order is pending, the JPML routinely counsels that courts may rule on

27   any pending motions, including motions to remand, or courts may defer ruling on pending

28   motions until after the JPML has decided the transfer issue.  The JPML advises that the

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    "latter course may be especially appropriate if the motion raises questions likely to arise in

2    other actions in the transferee court and, in the interest of uniformity, might best be decided

3    there if the Panel orders centralization." *See, e.g.,* JPML Letter (Reply Ex. G).[1]

4         In this instance, the Court concludes that judicial economy warrants a stay of

5    proceedings until after the JPML decides whether transfer is appropriate. The parties agree

6    that seven cases involving the identical question – whether Plaintiffs fraudulently joined

7    McKesson Corporation as a defendant to destroy diversity – are pending before courts in this

8    district, and Plaintiffs do not dispute Defendant's representation that several other such cases

9    are pending before other district courts in California. Moreover, given that this Court

10   continues to receive new Zyprexa cases filed in federal court, the Court has no reason to

11   expect that new cases will not be filed in California state court and subsequently removed by

12   Defendants to federal court. Thus, multiple judges will need to decide the jurisdictional issue

13   presented in this case unless the cases are ultimately transferred to MDL, where a single

14   judge will be able to resolve the issue in all cases. Even if the Court were to grant Plaintiffs'

15   motion to relate all Zyprexa cases naming McKesson Corporation pending in this district,

16   judges in other California districts would nonetheless have to decide the issue, thus resulting

17   in unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of

18   inconsistent results.

19        The Court finds that the interests in promoting uniformity and consistency therefore

20   counsel in favor of a stay in this case. This is not a case where the jurisdictional issue is

21   unlikely to be raised in other cases that may be transferred to MDL, nor is it a case where it is

22   clear from a preliminary review of the notice of removal or motion to remand that removal

23   was improper. *See, e.g., Leeson v. Merck & Co.*, No. CIV. S-05-2240 WBS PAN, 2006 U.S.

24   Dist. Lexis 3096, at *8-10 (E.D. Cal. Jan. 25, 2006) (reviewing district court Vioxx cases

25

26

27   [1]The cited letter does not refer specifically to this case but, instead, concerns two other
     Zyprexa cases. However, the letter is a form letter that this Court has received in other cases
     under consideration by the JPML, including two cases currently before the Court involving
28   Zyprexa and Seroquel.

2

1 involving allegations against McKesson and concluding that defendant's "fraudulent joinder

2 arguments are not clearly baseless").

3       Plaintiffs have also failed to persuade the Court that the potential for delay if this

4 Court issues a stay outweighs the considerations of judicial economy discussed above or the

5 potential hardship to Defendants that would result from failing to stay the case. First, the

6 Honorable Jack Weinstein, the judge presiding over the MDL litigation, has recently issued

7 an order emphasizing expedition of discovery and the ultimate resolution of the Zyprexa

8 litigation, thus undermining Plaintiffs' argument that this case would be significantly delayed

9 if it had to wait for the MDL court to resolve the jurisdictional issue. *In re: Zyprexa Prods.*

10 *Liab. Litig.*, MDL-1596 (E.D.N.Y. Apr. 10, 2006) (Reply Ex. J). Second, Defendants face

11 considerable hardship if this Court were to decide the remand motion, regardless of whether

12 the Court granted or denied that motion. As one court recently observed in a Vioxx case, if

13 this Court were to deny the motion to remand, the MDL court may nonetheless revisit the

14 issue upon transfer, thus forcing Defendants to relitigate the issue.[2] *Leeson*, 2006 U.S. Dist.

15 Lexis 3096, at *15-16. If, on the other hand, this Court were to grant the motion to remand

16 and the MDL court ultimately decided that removal was proper, Defendants would be

17 prejudiced by being forced to litigate this case in state court because remand orders are not

18 appealable. *Id.* at *16.

19       The Court acknowledges that at least one judge in the Central District of California

20 has *sua sponte* remanded a Zyprexa case involving McKesson. *See Sconiers v. Eli Lilly &*

21 *Co.*, No. CV 06-1466 PA (PJWx), slip op. (Ex. I to Pls.' Mot. to Remand). However, the

22 Court is not without precedent in exercising its discretion to stay proceedings in this case. In

23 the Vioxx cases, for example, most California district courts, with the exception of those in

24 the Central District of California, either stayed cases pending transfer and allowed the MDL

25 court to resolve the motions to remand or avoided the issue because the cases were

26 transferred to MDL before motions to remand were filed. *Leeson*, 2006 U.S. Dist. Lexis

27 _____

28     [2]Plaintiffs acknowledged at oral argument that the case would likely be transferred to the MDL court if their remand motion was denied.

*(left margin, vertical text)* United States District Court  For the Northern District of California

1    3096, at *11-12. More recently, Judge William Alsup in this district has routinely stayed all

2    Zyprexa cases as they are filed and, just last week, denied plaintiffs' request for leave to file

3    a motion to remand in a case involving McKesson. *Johnson v. Eli Lilly & Co.*, No.

4    C06-2188 WHA, docket no. 18 (N.D. Cal. Apr. 26, 2006) (Ex. A to Supplemental Decl. of

5    James M. Neudecker).  This Court finds the approach followed by Judge Alsup and the

6    majority of California district courts to be more prudent than the Central District's

7    consideration of the jurisdictional issues pending transfer.

8        Accordingly, and in light of all of the above, the Court GRANTS Defendant's motion

9    to stay and VACATES Plaintiffs' motion to remand without prejudice. If the JPML does not

10   transfer this case to the MDL court, then Plaintiffs may renew their motion to remand before

11   this Court at that time.

12

13   **IT IS SO ORDERED.**

14

15   Dated:   05/04/06

16                                    _____
                                      THELTON E. HENDERSON, JUDGE
17                                    UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28

4

United States District Court
For the Northern District of California

# EXHIBIT N

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Robert A. Cahn
Executive Attorney

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

January 20, 2006

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★    JAN 2 4 2006    ★
P.M.
TIME A.M.

TO INVOLVED JUDGES

Re: MDL-1596-- In re Zyprexa Products Liability Litigation

*Latofia Crimes v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:05-1047
    (Judge Mark E. Fuller)
*Sanquirnetta McCray-Martin v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:05-1048
    (Judge Myron H. Thompson)

Dear Judges:

    Presently before the Panel pursuant to 28 U.S.C. § 1407 is a notice of opposition to the Panel's conditional transfer order in at least one action before you in the above-described docket. The parties will have an opportunity to fully brief the question of transfer and the matter will be considered at a bimonthly Panel hearing session. In the meantime, your jurisdiction continues until any transfer ruling becomes effective.

    If you have a motion pending – such as a motion to remand to state court (if the action was removed to your court) – you are free to rule on the motion, of course, or wait until the Panel has decided the transfer issue. The latter course may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.

    Please feel free to contact our staff in Washington with any questions.

                                        Kindest regards,

                                        Wm. Terrell Hodges
                                        Chairman

# EXHIBIT O

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

April 13, 2006

TO INVOLVED COUNSEL

Re:  MDL-1596 -- In re Zyprexa Products Liability Litigation

(See Attached Schedule A of Order)

Dear Counsel:

For your information, I am enclosing a copy of an order filed today by the Judicial Panel on Multidistrict Litigation involving this matter.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Mecca S. Carter
Deputy Clerk

Enclosure

JPML Form 34B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1596*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in twelve Eastern District of Missouri actions, ten Western District of Missouri actions and three Middle District of Alabama actions as listed on Scheduled A. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Two doctors named as defendants in one of the ten Western District of Missouri actions also move to vacate the Panel's order conditionally transferring that action.[1] Defendant Eli Lilly and Co. opposes the motions to vacate and urges inclusion of all 25 actions in the MDL-1596 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these 25 actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*]    Judge Hodges took no part in the decision of this matter.

[1]    *Larry Wright v. Eli Lilly & Co., et al.*, W.D. Missouri, C.A. No. 2:05-4413.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Keenan
Acting Chairman

## SCHEDULE A

__MDL-1596 -- In re Zyprexa Products Liability Litigation__

### Middle District of Alabama

*Shaheed Muhammad v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1046
*Latofia Crimes v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1047
*Sanquirnetta McCray-Martin v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1048

### Eastern District of Missouri

*Cheryl Andrews v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2126
*Jacqueline Jenell Brown v. Eli Lilly & Co., et* al., C.A. No. 4:05-2127
*Gloria Hayes v. Eli Lilly & Co, et al.*, C.A. No. 4:05-2128
*Myra Frisbie v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2129
*Xavier Johnson v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2139
*Stanley Lewis v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2140
*Linda Young v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2142
*Darryl Scott v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2143
*Valerie Ann Shaffer v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2145
*Donna Trefney v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2151
*Windy Atterberry v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2177
*Ethel Stevens v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2178

### Western District of Missouri

*Michael Skinner v. Eli Lilly & Co., et al.*, C.A. No. 2:05-4411
*Larry Wright v. Eli Lilly & Co., et al.*, C.A. No. 2:05-4413
*Tina Carrero v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1083
*Mary Ella Weese v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1114
*Susan M. Riley v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1118
*Pamela Hedrix v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1151
*Brenda Gleese v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1244
*Lamont Jay Hemphill v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1245
*Linda Ward Tindall v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1246
*Rosetta Marie Williams v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1247

# EXHIBIT P

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1596*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *ORDER OF TRANSFER AND SIMULTANEOUS SEPARATION AND REMAND OF CERTAIN CLAIMS*

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in seventeen Eastern District and seventeen Western District of Missouri actions to vacate the Panel's orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. In one of the Eastern District of Missouri actions,[1] a physician defendant moves for separation and remand under Section 1407 of the claims against her. Also before the Panel are motions brought, respectively, by defendants Bristol-Myers Squibb Co. (Bristol-Myers) and Janssen, L.P. (Janssen) to vacate one of the Panel's orders insofar as it relates to claims in ten Eastern District of Missouri actions against these defendants.[2] Specifically, these defendants ask the Panel to separate and simultaneously remand the claims against them to the Eastern District of Missouri at the time of transfer. Defendant Eli Lilly and Co. (Lilly) opposes the motions to vacate brought by plaintiffs and the physician defendant and urges inclusion of the actions in the MDL-1596 proceedings, but supports separation and remand under Section 1407 of the claims against the other pharmaceutical defendants.

On the basis of the papers filed and hearing session held, the Panel finds that all 38 actions encompassed by the various overlapping motions involve common questions of fact with the actions

---

[1]    *Reed Thompson v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1928.

[2]    *Gloria Black v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1921; *Cindy Buck v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1922; *Clifford Ferrin v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1923; *Pamela Journey v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1924; *Thomas McGee, etc. v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1925; *Michelle McMahon v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1926; *Brent Thomas v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1927; *Reed Thompson v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1928; *Tamila Watkins v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1930; and *James Keetch v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1931. Janssen is a defendant in each of these ten actions; Bristol-Myers is a defendant in only the last listed action (*Keetch*).

- 2 -

in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court or for dismissal can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

The objecting physician defendant argues, inter alia, that the presence of individual questions of fact should militate against inclusion of the claims against her in the MDL-1596 proceedings. We are unpersuaded by this argument. Inclusion of the claims against the defendant doctor pertaining to Zyprexa in the MDL-1596 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephreda Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. The Panel is persuaded, however, that claims involving prescription drugs other than Zyprexa in ten Eastern District of Missouri actions do not share sufficient questions of fact with claims relating to Zyprexa to warrant inclusion of the former claims in MDL-1596 proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the 38 actions listed on Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that claims in ten actions identified in the second footnote of this order relating to prescription medications other than Zyprexa are simultaneously separated and remanded to the Eastern District of Missouri.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

- 2 -

in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court or for dismissal can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

The objecting physician defendant argues, inter alia, that the presence of individual questions of fact should militate against inclusion of the claims against her in the MDL-1596 proceedings. We are unpersuaded by this argument. Inclusion of the claims against the defendant doctor pertaining to Zyprexa in the MDL-1596 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephreda Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. The Panel is persuaded, however, that claims involving prescription drugs other than Zyprexa in ten Eastern District of Missouri actions do not share sufficient questions of fact with claims relating to Zyprexa to warrant inclusion of the former claims in MDL-1596 proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the 38 actions listed on Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that claims in ten actions identified in the second footnote of this order relating to prescription medications other than Zyprexa are simultaneously separated and remanded to the Eastern District of Missouri.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# EXHIBIT Q

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

-------------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL ACTIONS

-------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB ⬡ ⬡ 2006 ★

BROOKLYN OFFICE

MEMORANDUM
& ORDER
MDL-1596

Jack B. Weinstein, Senior United States District Judge:

1.    The court has the letter of the Mitchell M. Breit of February 3, 2006, the letter of
Christopher A. Seeger of February 7, 2006, and the letter of Nina M. Gussack of February 13,
2006 with respect to further discovery.

2.    As the court has previously indicated, it is intent on obtaining a prompt resolution
of this case and completion of its duties under the order of the Multidistrict Litigation Panel. The
parties shall confer with Special Master Peter Woodin to put in place a Case Management Order
that will provide for the completion of discovery as promptly as possible.

3.    If there are cases pending in the Eastern District of New York which can be tried
by the court and which are not being settled, the parties, with the aid of Special Master Woodin
shall set a tentative date or dates for trial, after checking with case coordinator June Lowe to see
if the proposed trial dates are available. Discovery should be promptly completed in these cases.
Dispositive and in limine motions can then be made. Special Master Woodin will endeavor to
expedite discovery in these cases in preparation for trial.



4.    As soon as necessary discovery has been completed, either party shall make a motion for summary judgment in all or some of the remaining non-settling cases. The moving party shall supply the opposing party with the names and backgrounds of the experts it intends to rely on in connection with the motion so that those experts can be deposed. The opposing party should then supply the moving party shortly thereafter with the names and backgrounds of the experts it intends to rely on so that those experts can be deposed. The parties, with Special Master Woodin's assistance, will set a date for a hearing on the summary judgment motion and on Daubert issues.

5.    Special Master Woodin, who is controlling discovery, has full authority to set priorities in discovery under paragraphs 2, 3 and 4.

SO ORDERED.

Jack B. Weinstein

Dated: February 14, 2006
    Brooklyn, New York

# EXHIBIT R

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAY 15 2006 ★

BROOKLYN OFFICE

● **(** JAMS **)** ●

THE RESOLUTION EXPERTS

Peter H. Woodin
direct dial: (212) 607-2736
email: pwoodin@jamsadr.com

April 28, 2006

VIA FAX: (718) 613-2527
The Honorable Jack B. Weinstein
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*notify:*
*adopted*
*So ordered*
*JW*
*5/1/06*

Re:  In re Zyprexa Product Liability Litigation (MDL 1596)

Dear Judge Weinstein:

I write in my capacity as court-appointed Special Discovery Master in the Zyprexa multidistrict litigation.  On Apil 6, 2006, you issued an order directing that summary judgement and Daubert motions were to be made returnable on August 15, 2006, and that all cases filed in the Eastern District of New York and currently pending would be set down for trial on October 2, 2006.

In order to put into place the necessary case management orders to ensure that those deadlines would be met, over the last several weeks I have met and conferred by telephone with counsel for the parties, and reviewed letters and other materials which they have submitted to me.  Over the course of that process, counsel on both sides have concluded that some additional time before the motion and trial dates would benefit all parties in fully preparing the cases for motions and trial.  I have come to share that view.

In light of the foregoing, I respectfully recommend that the Court adopt the new date of November 17, 2006, for the hearing of summary judgment and Daubert motions, and a new date of January 22, 2007 for the trial of pending Eastern District cases.

If these dates are acceptable to the Court, I am prepared to immediately issue a comprehensive Case Management Order that will set forth various discovery and trial preparation milestones to ensure that these dates are met.

Respectfully,

Peter H. Woodin
Special Discovery Master

cc:    Kenneth T. Fibich (for the Plaintiff Steering Committee) (via email)
George A. Lehner (counsel for Eli Lilly) (via email)



# EXHIBIT S

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                    ORDER

           "ZYPREXA"

                                                                          MDL-1596
PRODUCTS LIABILITY LITIGATION

-----------------------------------------------------------x

BARNETT R. BENJAMIN, *et al.*,

                    Plaintiffs,

           -against-                                                      CV 04-0893 (JBW)

ELI LILLY & COMPANY,

                    Defendant,
-----------------------------------------------------------x

PHILIP PENEPEDE, *et al.*,

                    Plaintiffs,

           -against-                                                      CV 04-1078 (JBW)

ELI LILLY & COMPANY,

                    Defendant.
-----------------------------------------------------------x

APPEARANCES:

For Plaintiffs Barnett R. Benjamin, et al.:

                    Douglas & London
                    111 John Street
                    New York, New York 10038
                    By: Michael A. London, Esq.

For Defendant Eli Lilly & Company:

                    McCarter & English, LLP

**RECEIVED** APR 1 9 2004

245 Park Avenue
New York, New York 10167
By: Samuel J. Abate, Esq.

Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-2799
By: Andrew R. Rogoff, Esq.

Jack B. Weinstein, Senior United States District Judge:

Eli Lilly & Company ("Eli Lilly") is sued for injuries allegedly resulting from the

ingestion of its pharmaceutical product Zyprexa. The Judicial Panel on Multidistrict Litigation

("MDL Panel") has assigned all such cases to this court. A preliminary hearing was conducted

on April 7, 2004.

By defendant's estimate, approximately fourteen million individuals have used Zyprexa.

The parties informed the court that they expect additional related cases to be filed in the near

future in state and federal courts. The federal cases will in due course reach this court.

The parties shall send a letter to the litigants in, and judges for, each of the state court

cases indicating that this court intends to provide for coordinated discovery on the underlying

scientific and related issues. The letter shall notify the addressees that they may wish to take

appropriate action to coordinate or integrate discovery with that in this court. Appropriate action

may include stays, stipulations to be bound by discovery in the MDL cases, stipulations to

receive notice of any discovery in the MDL cases, and stipulations or orders to participate in any

discovery in those cases.

The case is set for a status conference in this court on June 15, 2004 at 10:00 a.m. Parties

may arrange with Ms. June Lowe, Case Manager, to be present by telephone. Her telephone

number is (718) 260-2525.

SO ORDERED

Jack B. Weinstein
Senior District Judge

Dated: April 16, 2004
       Brooklyn, New York

# EXHIBIT T

**FILED**

IN CLERK'S OFFICE
UNITED STATES DISTRICT COURT   U.S. DISTRICT COURT, E.D.N.Y.
EASTERN DISTRICT OF NEW YORK
★ JAN 1 1 2005 ★

**BROOKLYN OFFICE**

IN RE- ZYPREXA LITIGATION

**ORDER**
04 MD 1596 (JBW)

------------------------------------------------X

It is expected that all discovery to date will be shared by past and incoming parties
without the need for duplication.

s/Jack B. Weinstein
JACK B. WEINSTEIN
SR. UNITED STATES DISTRICT JUDGE

DATED:1/5/05